**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AJT Services, Inc., | ) | |
| | ) | No. 21 B 12986 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Carol A. Doyle |

**MEMORANDUM OPINION**

AVT Illinois, L.P. filed a motion for relief from the automatic stay to pursue its rights in three trucks possessed by debtor AJT Services, Inc.  AVT argues that the court must give preclusive effect to a final judgment entered by a U.S. district court determining that AVT owns the trucks and that the debtor has no possessory or other rights in the trucks.  AVT is correct.  It is entitled to stay relief so it can exercise its rights under the district court's judgment.

I.      Background

The debtor filed a bankruptcy petition under subchapter V of chapter 11 of the Bankruptcy Code on November 13, 2021.  In its report required under § 1188 of the Bankruptcy Code, the debtor states that it operates as an asset company; it leases trucks and trailers to other entities who hold active trucking licenses.  The debtor currently provides trucks and trailers to two affiliates and to non-affiliate carriers.

In 2018, the debtor and AVT entered into a contract entitled "Master Lease Agreement"

1

("Contract") under which the debtor selected trucks that were purchased in AVT's name.  AVT

provided financing for the purchase.  The debtor fell behind on payments to AVT.  Eventually,

AVT sued the debtor and other entities liable under the Contract in the U.S. District Court for the

District of Utah.  The debtor initially ignored the lawsuit and AVT obtained a default judgment.

The debtor then appeared, the default judgment was vacated, and the debtor filed an answer.

AVT then moved for summary judgment.  The debtor failed to respond.  The district court gave

the debtor a second chance to respond.  The debtor chose not to.  On October 12, 2021, the

district court entered summary judgment in favor of AVT, stating that it would then order the

debtor to return the leased trucks.  On November 2, 2021, the court issued a writ of replevin

requiring the debtor to return the trucks to AVT within 7 days.  The court also entered judgment

foreclosing on all of the debtor's assets, which apparently had been pledged as collateral under

the Contract.  The writ of replevin was served on the day it was entered.  The debtor did not

comply with it or appeal the district court's judgment.  Instead, on November 13, 2021, it filed its

bankruptcy petition.

Three weeks later, AVT filed this motion to modify the stay imposed under § 362(a) of

the Bankruptcy Code so it can retrieve the trucks.  After reviewing the parties' initial briefs, the

court asked for additional briefs on the determinative issue - whether the district court's

judgment must be given preclusive effect on the issues the debtor now seeks to raise in this court.

For the reasons stated below, the court concludes that claim preclusion applies to the district

court's judgment.  The district court determined that AVT owns the trucks and that the debtor

has no possessory or other rights in them.  The debtor therefore has no rights in the trucks to

assert in this bankruptcy case.  The stay will be lifted to permit AVT to exercise its rights under

2

the district court's judgment.

II.     Section 362(d)

Section 362(d) of the Bankruptcy Code provides two grounds for relief from the automatic stay imposed under § 362(a).  11 U.S.C. § 362(a), (d).  "The first ground is cause, including lack of adequate protection." *In re Weiss*, 376 B.R. 867, 875 (Bankr. N.D. Ill. 2007). The second ground is that the debtor lacks equity in the property and the property is not necessary to an effective reorganization.  *Id.*; 11 U.S.C. § 362(d)(2)(A), (B).

AVT argues that cause exists to modify the automatic stay.  It contends that it is the owner of the trucks and that the debtor is wrongfully withholding possession in violation of the district court's judgment and writ of replevin.  AVT states that the debtor has no rights under the Contract and that the only way AVT's interests can be adequately protected is by the immediate return of the trucks.  It contends that claim preclusion prevents the debtor from asserting any rights in the trucks in this court.

The debtor argues that the stay should not be lifted for two reasons.  First, it contends that AVT does not own the trucks because the Contract is not a true lease; it is a secured financing agreement.  The debtor therefore contends that it owns the trucks and can pay AVT for them through its chapter 11 plan.  Second, the debtor argues that claim preclusion does not prevent it from litigating this issue in this court.  It contends that AVT's cause of action in the district court was merely for breach of contract based on non-payment.  The debtor asserts that it could not have interposed a defense that the Contract should be re-characterized from a lease to a secured financing transaction because it would still have been liable for the payments.  It therefore

contends that claim preclusion does not prevent it from treating the Contract as a secured transaction governed by Article 9 of the UCC in its bankruptcy case.  The debtor seeks to exercise redemption rights under Article 9 that are not available if the Contract is deemed a true lease.  The debtor contends that this court has exclusive jurisdiction to decide whether the Contract is a true lease or a secured transaction disguised as a lease.

AVT is correct that claim preclusion prevents the debtor from litigating in this court whether the Contract is a true lease or a secured financing transaction.  The stay will therefore be modified to permit AVT to exercise its *in rem* rights in the trucks under the district court's judgment.

III.    Claim Preclusion

Federal courts whose jurisdiction is based on diversity of citizenship apply the preclusion law of the state in which the federal court sits.  *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007).  AVT's lawsuit in the Utah district court case was brought under diversity jurisdiction.  The law of Utah governs the preclusive effect of the judgment it entered.

A.    Test for Claim Preclusion

Utah law on claim preclusion bars re-litigation of a claim if (1) both cases involve the same parties, (2) the claim to be barred was presented in the first case or could have and should have been raised in the first case, and (3) the first case resulted in a final judgment on the merits. *Mack v. Utah State Dep't of Commerce*, 221 P.3d 194, 203 (2009).  The debtor does not contest

that the first and third elements are satisfied.  The district court case involved the same parties

and resulted in a final judgment on the merits.  The parties disagree about the second element -

whether the debtor could have and should have argued in the district court that the Contract was

not a lease but created a secured transaction instead.

Regarding the second element - whether the issue could have and should have been raised

in the first case -  the *Mack* court explained that Utah adheres to the "transactional theory of

claim preclusion" in which *res judicata* turns on the "essential similarity of the underlying events

giving rise to the various legal claims."  *Id*.  "[I]f a party raises claims based on the same

operative facts or the same transaction, it may be precluded if the other elements of claim

preclusion are met."  *Id.* at 204.  Claim preclusion extinguishes all claims and defenses that were

raised or could have been raised in the original action.  *Foster v. Hallco Manufacturing Co., Inc.*,

947 F.2d 469, 478 (Fed. Cir. 1991);  *Haik v. Salt Lake City Corp.*, 393 P.3d 285, 288 (2017)

(noting that the rules of claim preclusion under Utah law are virtually identical to the federal

rules of claim preclusion).  The Utah Supreme Court has repeatedly stated that claim preclusion

bars relitigation "of all issues that could have been litigated as well as those that were, in fact,

litigated in the prior action."  *Macris & Assocs. v. Neways, Inc.*, 16 P.3d 1214, 1221-22 (2000)

(citations omitted).[1]

---

[1]Issue preclusion, on the other hand, applies when an issue that arose in the context of one type of claim is relevant to a completely different claim that arises in later litigation.  *Macris*, 16 P.3d at 1222.  That is not the situation here.  The claim at issue here is identical to that before the district court - AVT's claim against the debtor under the Contract.  Indeed, the debtor does not seek to raise a claim against AVT - it seeks to raise an affirmative defense to AVT's claim.  Utah's law of claim preclusion therefore applies.

B.      The "Could Have and Should Have Raised" Test

The debtor argues that the second element of claim preclusion - that the issue could have and should have been raised in the first case - is not met here because AVT's claim was simply one for breach of contract. It states that AVT would have prevailed whether the Contract was treated as a true lease or a disguised financing governed by Article 9. It therefore contends that it could not have raised this issue in the district court.

AVT counters that the district court finally adjudicated all the parties' rights under the Contract and terminated the only interest the debtor had in the trucks - a possessory one. It contends that the debtor has no Article 9 right of redemption in the trucks that it could exercise in a chapter 11 case. AVT is correct that the debtor's rights under the Contract have been fully and finally adjudicated by the district court. If the debtor wanted to contest whether the agreement was a true lease or a disguised financing agreement, it could have and should have raised that issue in the district court.

AVT sought and obtained a judgment based on its contention that the Contract is a lease. Its complaint and motion for summary judgment asserted that the Contract is a lease. The Contract is entitled "Master Lease Agreement" and states that "[t]he parties acknowledge and agree that all right, title and interest in and to the Leased Property ... is vested in Lessor. Lessee shall have no interest in the Leased Property except for Lessee's right to use and possess the Leased Property pursuant to the Lease...." Based on this and various other provisions of the Contract, as well as a forbearance agreement in which the debtor acknowledged that the Contract was a "true lease," AVT sought a judgment that the lease was breached and that it was entitled to return of its own vehicles plus damages. Thus, AVT sought judgment on the basis that the

6

Contract is a lease.  If the debtor believed that the Contract was not a lease and that it had rights

under Article 9 as the equitable owner of the trucks, it could have and should have raised that

issue before the district court.  Instead, the debtor chose not to oppose AVT's motion for

summary judgment.  The district court therefore granted summary judgment based on the

Contract being a lease and imposed remedies consistent with a lease.  The court specifically

stated that AVT had provided ample basis in its summary judgment motion for the relief sought

and that it would enter a "writ of replevin requiring AJT Service Co to return *the leased trucking

equipment*" to AVT.  *AVT Illinois, L.P. v. AJT Services Co.*, No. 20-cv-00280, slip op. at 3 (D.

Utah Nov. 1, 2021) (italics added).

The debtor's argument that it "could not" have raised the disguised secured transaction

defense in the district court because it would have lost anyway fails for a number of reasons.

First, the debtor cites no authority for its contention that claim preclusion does not apply when a

party could in fact have raised an affirmative defense to a claim but chose not to because it

believed it ultimately would lose on the claim anyway.  This contention is inconsistent with the

standard stated in *Mack*, which held that claim preclusion applies when the claims and issues

arise from the same aggregate of operative facts. The Utah Supreme Court has repeatedly stated

that claim preclusion applies to "all the issues" that could have been litigated, *see, e.g., Macris*,

16 P.3d at 1219 (citations omitted), which necessarily includes defenses to the claims litigated.

The *Mack* also court recognized one circumstance in which a party *could not* have brought a

claim or defense:  when the first tribunal had no jurisdiction to decide the issue.  The court

determined that the state court that issued the initial judgment had jurisdiction to grant the relief

sought in a second administrative action so the issue could have been raised in the first litigation.

Here, there is no doubt that whether the Contract is a true lease or a disguised financing arrangement depends on the same operative facts that formed the basis for AVT's claim against the debtor in the district court. The second element of the *Mack* test for claim preclusion is therefore satisfied. The debtor could have and should have raised this affirmative defense in the district court. As the debtor acknowledged in its supplemental brief, it would have very different rights if the Contract were treated as a secured transaction instead of a true lease. If it was a secured transaction, Article 9 would apply. The debtor could be deemed the equitable owner of the trucks and AVT would hold only a security interest in them. All the provisions for remedies under Article 9 would then apply. AVT would have to foreclose on its security interest, then repossess the trucks and sell them in a commercially reasonable manner, and it would then be entitled to a deficiency judgment for any balance still due. Utah Code Ann. § 70A-9a-609(1)(a) and (2)(a) ("After default, a secured party may take possession of the collateral ... pursuant to judicial process ..."); Utah Code Ann. § 70A-9a-610(1) and (2) ("After default, a secured party may sell, ... or otherwise dispose of any or all of the collateral ... Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable."); Utah Code Ann.§ 70A-9a-608(d) and Utah Code Ann. § 70A-9a-615(4) ("A secured party shall account to and pay a debtor for any surplus, and the obligor is liable for any deficiency.") The debtor would also have redemption rights under Utah Code Ann. § 70A-9a-623, which would allow it to redeem at any time before the collateral was repossessed by tendering the amounts due. Indeed, it is these redemption rights that the debtor apparently seeks to assert in its bankruptcy case. All of these rights, however, apply only if the Contract is deemed a secured transaction governed by Article 9, not a true lease. On the other hand, if the

Contract were treated as a lease, Article 9 remedies would not apply.  Instead, AVT could choose from an array of remedies available to it under the Contract, including acceleration of payment, repossession, selling the trucks in any manner it chooses, and cancellation of the Lease.  Exhibit to Motion, Contract, ¶ 20.   AVT would have discretion to choose its remedies in its sole discretion.  Thus, recharacterizing the Contract as a secured transaction would have limited the remedies available to AVT and created additional rights in the debtor not provided in the Contract.  If the debtor ever intended to invoke rights under Article 9, it had to do so in the district court lawsuit because it would finally determine the parties' rights under the Contract. The debtor could have and should have raised this affirmative defense in the district court.

There is also no doubt that the district court had jurisdiction to decide this issue.  The debtor erroneously asserts that the bankruptcy court has exclusive jurisdiction to decide whether the Contract is a lease or a secured transaction.  This is incorrect.  Recharacterization of the Contract is an affirmative defense to a claim for breach of a lease that arises under state law, not bankruptcy law.  A bankruptcy court has jurisdiction to determine how a claim should be treated under the Bankruptcy Code.  It can decide whether an agreement is a lease that can be assumed under § 365 of the Bankruptcy Code or a secured transaction that creates a secured claim that can be paid over time.  But the substantive issue - is it a lease or a secured transaction - is governed by state law, not bankruptcy law.  Nothing in the Bankruptcy Code precludes parties outside of bankruptcy from litigating the issue in a lawsuit for breach of a purported lease.  If another court enters a final judgment on a contract before a bankruptcy is filed, claim preclusion rules determine what can and cannot be decided by the bankruptcy court.  Bankruptcy courts are not free to ignore final judgments entered by non-bankruptcy courts before a bankruptcy case is filed.

So the debtor is incorrect in contending that the bankruptcy court has exclusive jurisdiction to determine whether the Contract is a lease or a disguised secured transaction. The district court clearly had jurisdiction to decide this issue. The debtor therefore cannot establish that it could not have raised the issue in the district court because it did not have jurisdiction to decide the issue.

The few cases cited by the debtor do not support its argument that claim preclusion does not apply to the disguised secured transaction issue because it would have lost in the district court based on its financial defaults. The debtor relies primarily on *First Security Financial v. Okland Ltd.*, 750 P.2d 195 (Utah Ct. App. 1988). *Okland* did not address claim preclusion at all and it does not support the debtor's argument in any event. In *Okland*, the appellate court affirmed a trial court's grant of summary judgment against a lessee who breached an equipment lease agreement by failing to make payments. On appeal, the lessee argued that there was an issue of fact regarding whether the agreement was a lease or a security agreement that precluded summary judgment. The court rejected this argument for two reasons. First, it noted that the cases cited by the lessee all involved "failure of a secured creditor to properly care for or dispose of collateral" under Article 9, which were not relevant because the collateral had not yet been repossessed. Second, the lessee had "not asserted any specific defenses or counterclaims as a debtor under Article 9. ... [The lessee] may not prevail on a defense theory which has not been pled or even articulated at any point in the proceedings. " *Id.* at 198-199. Thus, the court held that the defendant could not defeat summary judgment based on a defense that it did not plead or even "articulate" in the case.

Under *Okland*, the debtor argues that it could not have raised the security agreement issue

10

because AVT did not repossess the trucks before it filed suit. It therefore contends that the debtor's Article 9 rights and AVT's Article 9 duties "did not ripen." It is not clear what the debtor means by this contention. If it is suggesting that it could not assert Article 9 rights in the district court until AVT repossessed the trucks, this is incorrect. Nothing in *Okland* supports the notion that Article 9 rights do not ripen or cannot be asserted until there is a repossession. It held only that the lessee in that case could not defeat summary judgment because it *did not* properly raise a defense under Article 9 and it failed to establish why the cases it cited regarding disposition of collateral would be relevant in any event. More importantly, Article 9 rights do not "ripen" only after repossession. Article 9 imposes an array of rights and duties on the parties that apply to secured transactions regardless of whether a creditor repossesses collateral before filing suit. But those rights must be timely raised in litigation to be preserved. Once a final judgment is entered determining that a contract is a lease, which is not governed by Article 9, it is too late to seek Article 9 treatment. Here, the issue had to be raised in the district court action before judgment was entered to preserve any rights the debtor had under Article 9. Indeed, as in *Okland*, the debtor gave up its right to assert that Article 9 applied by not raising it as an affirmative defense in the district court.

The debtor also repeatedly relies on *In re Hotel Syracuse, Inc.*, 155 B.R. 824 (Bankr. N.D.N.Y 1993), to support its argument that it can raise the disguised financing defense in this court despite the district court's judgment. The *Hotel Syracuse* case was decided in a completely different context and does not support the debtor's argument. The debtor in *Hotel Syracuse* sought a determination from the bankruptcy court that a contract called a lease was not a true lease that had to be assumed or rejected by the debtor under § 365 of the Bankruptcy Code. The

parties had litigated in state court before the bankruptcy case was filed.  The state court denied a

motion for a preliminary injunction seeking to stop the lessor from enforcing or terminating the

lease.  The bankruptcy court held that principles of *res judicata* did not preclude it from

determining whether the contract was a true lease that had to be assumed or rejected under the

Bankruptcy Code.

This conclusion is unremarkable and has no relevance here.  The bankruptcy court

explained that the state court had merely denied a preliminary injunction so there was no final

determination on the merits that could be given preclusive effect.  The debtor also had alleged in

state court that the agreement was a financing agreement, not a true lease, so the issue had been

raised but not decided by the state court.  The bankruptcy court stated that only it could

determine whether the agreement was a lease that must be assumed or rejected under § 365 in the

bankruptcy case.   In the context of that case, the bankruptcy court was correct that it was the

proper court to decide that issue.  The decision does not, however, support the debtor's argument

that only a bankruptcy court can ever decide whether an agreement is a true lease or a financing

agreement governed by the UCC.  If the state court in *Hotel Syracuse* had previously entered a

final judgment determining that the contract was either a lease or a financing agreement under

state law, then principles of *res judicata* would have applied to make that final determination

binding in the bankruptcy court.

The debtor failed to cite any case holding that claim preclusion does not apply when a

party chooses not to raise a defense because it was likely to lose the case even if it raised it.  And

it cites no case in which a bankruptcy court ignored a pre-petition final judgment of another court

determining that an agreement was a lease and determined instead that it was a financing

agreement.  Here, as noted above, the district court granted summary judgment and issued a writ

of replevin to force the return of the leased trucks to AVT.  The writ of replevin terminated the

only right the debtor then held in the trucks - possession.  The judgment, with the writ of

replevin, resolved AVT's claim and all of the debtor's defenses.  The debtor may not now attack

that judgment in the bankruptcy court based on an affirmative defense it did not bother to raise in

the district court.


Conclusion

AVT has established cause to modify the stay based on the final judgment of the district

court that terminated all of the debtor's rights to the trucks.  Claim preclusion principles prevent

the debtor from relitigating those rights in this court.  The debtor has presented no basis for

denying stay relief to AVT.  The motion to modify the stay will be granted.


Dated: March 7, 2022

ENTERED:

Carol A. Doyle
United States Bankruptcy Judge